UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| Angela Smith, et al. | Civil Action No. 07-0681 |
| versus | Judge Tucker L. Melançon |
| Rotorcraft Leasing Co., LLC, et al. | Magistrate Judge Methvin |

**MEMORANDUM RULING**

Before the Court is defendant American Family Life Assurance Company of Columbus's, ("Aflac") Motion to Sever for Misjoinder of Parties [Rec. Doc. 5]. This action was removed from the Sixteenth Judicial District Court for the Parish of St. Mary, State of Louisiana on April 16, 2007, pursuant to defendant's Notice of Removal claiming that this Court has original subject matter jurisdiction on the grounds of diversity of citizenship, 28 U.S.C. § 1332 [Rec. Doc. 1]. Aflac seeks to sever the claim of plaintiff Angela Smith, ("Smith"), against it because such claim has been improperly joined with plaintiff's claims against non-diverse defendants, Rotorcraft Leasing Company, LLC and its insurer, XL Specialty Insurance Company, ("Rotorcraft defendants"), with which Aflac has no connection [defendant's Memorandum, Rec. Doc. 5, p. 1]. Defendant claims that, under Fed. R. Civ. P. 20 and 21, this Court should sever plaintiff's claim against Aflac from plaintiff's claims

1

against the non-diverse Rotorcraft defendants [Id.]. Should the Court sever the actions, Aflac further alleges the Court would then lack jurisdiction over the non-diverse Rotorcraft defendants so that the claims against them may be remanded to state court [Id. p. 12]. The Court's clerk has contacted Lisa M. Africk, counsel for plaintiff, who advised that the plaintiff does not oppose defendant's motion.

It is clear from the facts particular to this case, as set out by the defendant, that defendant's position has merit based on the rule enunciated in *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353 (11th Cir. 1996), *abrogated on other grounds, Cohen v. Office Depot, Inc.,* 204 F.3d 1069 (11th Cir. 2000), recognizing that fraudulent joinder can exist when a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability, and when the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant and which appears to have been adopted by the United States Court of Appeals for the Fifth Circuit. See *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 533 (5th Cir.2006); *In re Benjamin Moore & Co.*, 309 F.3d 296 (5th Cir. 2002); *Accardo v. Lafayette Ins. Co.*, Civil Action No. 06-8568, 2007 WL 325368 (E.D. La. Jan. 30, 2007).

"In reviewing a claim of fraudulent joinder, the district court must evaluate all factual allegations and ambiguities in the controlling state law in favor of the

plaintiff." *Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd.*, 99 F.3d 746, 751 (5th Cir. 1996). However, regardless of whether federal or state law applies, the result is the same and the Court is compelled to grant defendant's motion. Accordingly, defendant's Motion to Sever will be granted. Further, as this Court lacks jurisdiction over the non-diverse defendants, plaintiff's claims against Rotorcraft Leasing Co. and Rotorcraft Technologies, Inc. will be remanded to the state court from which they were removed.